OPINION OF THE COURT
Stanley B. Katz, J.
The defendant, Alexander Blow, is charged with criminal sale of marihuana in the fourth degree (Penal Law § 221.40); and criminal possession of marihuana in the fourth degree (Penal Law § 221.15), both class A misdemeanors. He now moves to dismiss the charges on speedy trial grounds, alleging that a lab report was not filed. The People oppose the motion on good cause grounds.
FINDINGS OF FACT
The defendant was arraigned on November 9, 1984. The case was adjourned to December 10,1984, on consent. The police lab received the contraband on November 10, 1984. The People contend the lab report was ordered on November 13, 1984, and sent out on November 16,1984. However, their office either did not receive it or lost it. On December 10, 1984, the case was adjourned to January 4, 1985 for the lab report. The lab report was ordered again on December 13, 1984, January 3, 1985 and January 11,1985. The case was adjourned from January 4,1985 to February 5, 1985 for the lab report, and again to March 1, 1985 (two weeks chargeable to the People). On March 1, 1985, *1055 the People filed the lab report. The case was put on for March 18, 1985 for court decision.
CONCLUSIONS OF LAW
The burden of proof with regard to establishing a speedy trial violation initially rests with defendant who must make a prima facie showing of undue delay. However, the People must come forward with an explanation of why they are not chargeable with a delay in excess of 90 days. (People v Rivera, 72 AD2d 922; People v Thill, 75 AD2d 709; People v Berkowitz, 50 NY2d 333.)
Defendant was arraigned on November 9,1984. Based on the rules set forth in CPL 30.30 (1) (b) the People are allowed a period of 90 days to be ready for trial. The lab report was filed 97 days from the date of arraignment, which is a jurisdictional predicate for a legally sufficient information on which to prosecute defendant.
The People seek reprieve on the grounds of good cause as an exception to CPL 30.30. “Exceptional circumstances” have been found in cases where the delay was not the fault of the District Attorney’s office, nor that it prevented prosecution of the case. (People v LaBounty, 104 AD2d 202, 204.) As demonstrated in People v Colon (59 NY2d 921, revg 112 Misc 2d 790, on reasoning from 110 Misc 2d 917) periods of exclusion provided for in CPL 30.30 cannot justify delay in completing fundamental tasks which remain totally in the People’s control. On the contrary, CPL 30.30 imposes a strict standard of diligence upon the People with respect to all matters fundamental to the case (People v Coleman, NYLJ, Jan. 29, 1985, p 11, col 4, citing People v Osgood, 52 NY2d 37). The Legislature has imposed a strict standard of diligence upon the prosecutor to insure speedy trial, and there cannot be a different standard under People v Colon (supra). In addition, the defendant is under no obligation to show he is prejudiced by the delay. (People v Clary, 71 AD2d 1053; People v Friscia, 70 AD2d 709.)
A review of the record indicated the case was adjourned numerous times because the People failed to file a lab report. The lab report is the recognized means of proving the true nature of a suspected controlled substance. The hearsay nature of the possessory offense charge may only be dispelled by scientific testing and the filing of a report of the results. (CPL 190.30 [2]; 190.65 [1]; People v Frank, 65 Misc 2d 488.) The failure of the District Attorney’s office in this regard does not amount to “exceptional circumstances” nor is it excused by either the work load in their office or shortage of staff (People v Warren, 85 AD2d 747, 748; cf. People v Sturgis, 77 Misc 2d 766, affg 46 AD2d 741; *1056 People v LaBounty, supra), nor was there an ongoing investigation by the prosecutor’s office (People v Washington, 43 NY2d 772). Here, the defendant did nothing to prevent the District Attorney from prosecuting his case.
Accordingly, defendant’s motion is granted.