■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BOYD, Appellant.—Judgment unanimously affirmed. Memorandum: The hearing court properly denied defendants' motion to dismiss the indictment on the ground that they had been denied their statutory right to a speedy trial (CPL 30.30, 210.20). The court properly excluded from the statutory six-month time period (CPL 30.30 [1] [a]) the 32 days that the case was initially adjourned in Lackawanna City Court to allow defendants to secure the services of an attorney (CPL 30.30 [4] [f]) and thereafter further adjourned at the request of, or with the consent of, the defendants or their counsel for the purpose of scheduling a preliminary hearing *(People v Worley,* 66 NY2d 523; *People v Pressley,* 115 AD2d 228; *People v Campbell,* 96 AD2d 725; *see, People v Sturgis,* 38 NY2d 625). In addition, the record fully supports the court's exclusion of that period of time between defendants' postindictment request for a 45-day adjournment to make pretrial motions and the People's announcement on the record of their readiness for trial (CPL 30.30 [4] [a], [b]). When these two time periods are excluded, the People were ready for trial within the statutory six-month period. (Appeal from judgment of Supreme Court, Erie County, Mark, J.—robbery, second degree, two counts.) Present—Callahan, J. P., Denman, O'Donnell, Pine and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KASSEEM HARRIS, Appellant.—Judgment unanimously affirmed. Same memorandum as in *People v Boyd* (116 AD2d 978). (Appeal from judgment of Supreme Court, Erie County, Mark, J.—robbery, second degree, two counts.) Present—Callahan, J. P., Denman, O'Donnell, Pine and Schnepp, JJ.