OPINION OF THE COURT
Joseph C. Calabrese, J.
The court makes the following findings of fact and conclusions of law. The defendant Gerasimos Limperatos was charged on June 1, 1989 with sexual abuse, third degree, a class B misdemeanor by misdemeanor complaint and was *440 arraigned before Judge Zelda Jonas on June 22, 1989. At the arraignment the counsel for defendant made a demand for a supporting deposition since the complaint was all hearsay and moved to dismiss the complaint. The court denied the dismissal of the complaint. Bail of $2,000 was set and the matter was set down for June 26, 1989. The People did not pronounce their readiness for trial. On June 26, 1989 once again the defense counsel made a demand for a supporting deposition. None was produced. The People did not pronounce their readiness for trial. The matter was set down for July 3, 1989. On July 3, 1989, once again the defense counsel made a demand for a supporting deposition and none was supplied. The matter was set down for September 7, 1989 since the particular part the case was pending in would be closed until then. There were other Trial Parts open during that period, however. The People still did not pronounce their readiness for trial. The defense counsel did not receive the supporting deposition by August 28, 1989 and moved pursuant to CPL 30.30 to dismiss the charges in that his client was denied a speedy trial. On September 7, 1989 a supporting deposition was filed with the People’s affirmation in opposition. Seventy-seven days had elapsed since arraignment. On March 9, 1990, Judge Zelda Jonas ordered a hearing on the matter. The hearing came before me on March 27,1990.
The issue here raised has been the subject, in various forms, in cases both in the lower and appeals courts. Prior to the case of People v Worley (66 NY2d 523) lower courts followed what they believed to be the law as stated in People v Colon (59 NY2d 921). The analysis was as follows: "In the absence of a valid accusatory instrument supporting the petit larceny count, the court need not indulge in an analysis of includable or excludable time vis-á-vis the adjournments granted prior to the filing of the corroborating affidavit” (People v Jackson, 125 Misc 2d 870, 871, citing People v Thompson, 111 Misc 2d 521, affd 120 Misc 2d 444).
In People v Worley (supra) the Court of Appeals ruled that where defendant caused the delays in the proceedings by requesting or consenting to them, an analysis of the adjournments was necessary to see if the People would be charged with the time, and therefore refused to use a Colon analysis where defendant had made other motions or specifically consented to adjournments which delayed the proceedings.
In People v Alejandro (70 NY2d 133) the Court of Appeals dealt directly with the jurisdiction question and ruled that the *441 failure of the complaint to contain nonhearsay allegations establishing a prima facie case is a jurisdictional defect which could even be raised for the first time on appeal after trial, holding in effect that specific waiver is required prior to trial. Merely going to trial is not a waiver.
In the case at bar, to conclude that the defendant requested or participated in the delays would be to place the defendant in a position where he must waive prosecution by information and proceed by a "fatally defective” misdemeanor complaint. (See, CPL 170.65 [3].) If the court allowed that it would be usurping the important function an information serves in our system of criminal justice that is stated by the Court of Appeals in People v Alejandro (supra, at 137-138): "The reason for requiring the additional showing of a prima facie case for an information lies in the unique function that an information serves under the statutory scheme established by the Criminal Procedure Law. An information is often the instrument upon which the defendant is prosecuted for a misdemeanor or a petty offense. Unlike a felony complaint (CPL 180.10), it is not followed by a preliminary hearing and a Grand Jury proceeding. Thus, the People need not, at any time prior to trial, present actual evidence demonstrating a prima facie case, as with an indictment following a felony complaint (compare, CPL 190.65 [1] [a], providing that an indictment must be supported by 'legally sufficient evidence’ before the Grand Jury to establish that the defendant committed the crime, i.e., 'competent evidence, which, if accepted as true, would establish every element of the offense and the defendant’s commission of it’ [People v Pelchat, 62 NY2d 97,105]).”
In this case, defense counsel did not make motions that caused adjournments or affirmatively do any acts which would have delayed the case other than requiring that his client be given the facts as regards the charges against him. The defendant could not even tell from the instrument who the complainant was against him. It would be patently unfair to say that the defendant requested or consented to the delays when he was requesting that which he was entitled to under our law and which he could not proceed without. Therefore, the court finds that where the defendant demands the supporting deposition on each occasion that the case is on and does not delay the case for other reasons, the clock continues to run against the People. Even though the People had the supporting deposition on April 29, 1989, prior to the defendant being charged, they chose to keep the defendant in the dark *442 until September 7, 1989, 77 days after arraignment, when only 60 days are permitted on a class B misdemeanor. (CPL 30.30 [1] [c].) Therefore, the class B misdemeanor charge of sexual abuse in the third degree (Penal Law § 130.55) must be dismissed.
While this motion was pending the People filed an additional charge of endangering the welfare of a child as a class A misdemeanor on November 16, 1989. This charge is based on the same alleged conduct. Any speedy trial claim as regards this charge must be analyzed from the filing of the first accusatory instrument, which is considered "the commencement of a criminal action”. (CPL 30.30; People v Lomax, 50 NY2d 351 [1980].) Therefore, the People are also chargeable with 77 days as regards this charge. However, CPL 30.30 permits 90 days. Therefore, this charge, under index No. 21886/89 is set down for trial on June 19, 1990. The People have 13 days remaining on the speedy trial time.