■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALAN BROWN, Respondent. [600 NYS2d 53] —Order, Supreme Court, New York County (Alfred Kleiman, J.), dated May 12, 1992, which dismissed Indictment Number 3684/91, charging the defendant with four counts of grand larceny in the fourth degree, pursuant to CPL 30.30, unanimously reversed, on the law and the facts, and Indictment Number 3684/91 is hereby reinstated.

It is well settled that pursuant to CPL 30.30 (1) (a), (3) (b) and (4) the People must be ready for trial within six months (180 days) plus any periods of excludable time, from the date that the criminal proceeding against the defendant began. In this case it is not disputed that the criminal proceeding against this defendant began with his arraignment on the felony complaint on February 12, 1991. In all the trial court charged 230 days of delay to the People.

The trial court found that of the 56 days that elapsed from June 7, 1991 to August 2, 1991, 42 were chargeable to the People. On June 7, 1991 the court granted the defendant's *Wade* motion to the extent of ordering a hearing. Defense counsel requested that the hearing be set down for August 2, 1991. While defense counsel initially asked for July 12, 1991 the court offered counsel more time. The matter was then adjourned to August 2, 1991 with the court noting that the adjournment was "on consent". Upon determination of the CPL 30.30 motion the court improperly determined that only 14 days of the total 56 were excludable as a reasonable amount of time for the People to prepare for the hearing. The court's reliance upon *People v Green* (90 AD2d 705) was improper as the circumstances herein are distinguishable. The adjournment in this case was clearly consented to by defense counsel (cf., *People v Liotta,* 79 NY2d 841), and was really occasioned by defendant's own motion practice. Furthermore, the fact that the trial court actually encouraged defense counsel to seek additional time should not be minimized. There was no basis for the trial court to have determined that only 14 days of the 56 day adjournment were excludable.

Consequently 42 days should be subtracted from the trial court's total.

The 7 day period from August 2, 1991 to August 9, 1991 should also have been excluded because the matter was adjourned by the court *sua sponte* since the Judge assigned would be on vacation. The unavailability of the court due to vacation or for its own convenience is not chargeable to the People; CPL 30.30 addresses prosecutorial readiness, not court readiness *(People v Tavarez,* 147 AD2d 355, 356, *lv denied* 73 NY2d 1022; *People v Correa,* 161 AD2d 391, 392, *affd* 77 NY2d 930).

The People concede that on January 22, 1992 they answered not ready. However, defense counsel also failed to appear in court. The matter was then adjourned until January 31, 1992 (9 days). The court noted the People's lack of readiness, then adjourned the matter stating that defense counsel was made aware of when she was to appear and that if she did not appear on the adjourn date the court would remove her from the case. CPL 30.30 (4) (f) specifically excludes the period of time where the defendant is without counsel through no fault of the court, except where the defendant is proceeding as his own attorney with the permission of the court. Since the delay was caused predominantly by defense counsel's absence, the delay should not be chargeable to the People. This situation could be viewed in the same light as the situation where the People are not ready and defense counsel consents to the delay.

The People concede that the period from March 6, 1992 to March 9, 1992 is chargeable to the People. While respondent challenges the period from November 15, 1991 to December 13, 1991 excluded by the trial court, we find that the period was properly found to be excludable. The matter was initially put over on that date because defense counsel requested an adjournment for health reasons. The length of the adjournment requested was extended by counsel after the People announced that they were not ready.

The court improperly included 58 days within the time attributable to the People for CPL 30.30 purposes. Consequently 172 days rather than 230 days of delay are chargeable to the People, placing the delay attributable to the People within the 180 day limit. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.