■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAIME R. DRAKE, Respondent. [613 NYS2d 961] —Weiss, J. Appeal from an order of the County Court of Essex County (Dawson, J.), entered August 9, 1993, which granted defendant's motion to dismiss the indictment.

On August 1, 1992, defendant was issued two simplified traffic informations including one for driving while intoxicated returnable August 11, 1992, arrested and released on $25 cash bail. A felony information charging defendant with felony driving while intoxicated was also signed by Village of Lake Placid Patrolman Thomas Shipman on the same day. Although the record is barren as to when the felony information was filed, County Court later presumed it had been filed on Monday, August 3, 1992. Defendant was arraigned in Lake Placid Village Court on August 11, 1992, appearing without counsel, and unequivocally informed the court that he wanted to retain an attorney. The matter was adjourned to August 25, 1992 for that purpose.

Defendant failed to appear or otherwise communicate with Village Court and on September 9, 1992 the court advised him in writing that his failure to respond by September 22, 1992 would result in the issuance of a bench warrant. Defendant's counsel mailed a notice of appearance to both the Village Court Justice and the Essex County District Attorney on September 15, 1992. Defendant was indicted on January 25, 1993 and on January 29, 1993 the prosecutor filed a statement of readiness with County Court, mailing a copy to defendant's attorney together with notice that the arraignment was scheduled for March 8, 1993.

The People had six months, which in this instance equaled 184 days from the August 3, 1992 filing, within which to be ready for trial and to inform defendant thereof (see, CPL 30.30

[1] [a]; *People v Cortes,* 80 NY2d 201, 207, n 3). However, the filing and serving of the statement of readiness by the prosecution could not become effective until defendant had been arraigned *(see, People v Battaglia,* 187 AD2d 808, 810; *see also, People v Smith,* 82 NY2d 676, 678; *People v Correa,* 77 NY2d 930, 931; *People v England,* 195 AD2d 751, *affd* 84 NY2d 1). Here, the March 8, 1993 arraignment occurred on the 217th day following the filing of the felony complaint.

On April 14, 1993 defendant moved pursuant to CPL 30.30 to dismiss the indictment on speedy trial grounds. The People have appealed from the order granting dismissal. We now reverse.

At issue are the 43 days from the August 3, 1992 filing until defendant's counsel mailed his notice of appearance as required by 22 NYCRR 200.5. The People contend that the period in which defendant was without counsel was not chargeable against them while defendant argues that his lack of representation had no impact on the prosecutor's ability to ready the matter for trial.

In computing the time within which the People must be ready for trial, "the period during which the defendant is without counsel through no fault of the court" is to be excluded (CPL 30.30 [4] [f]; *see, People v Middlemiss,* 198 AD2d 755; *see also, People v Cortes,* 80 NY2d 201, 213). There is no requirement under CPL 30.30 (4) (f) that defendant's lack of representation impact the People's ability to be ready *(People v Kopciowski,* 68 NY2d 615). At his Village Court arraignment on August 11, 1992 defendant announced that he desired and was seeking counsel, and the adjournment was specifically made to accommodate him *(see,* CPL 170.10, 180.10).

However, defendant did not appear on the adjourned date and no communication with Village Court occurred until his attorney mailed his 22 NYCRR 200.5 notice of appearance. While defendant stated at the hearing on his CPL 30.30 motion that he retained counsel on August 11, 1992, it is undisputed that neither Village Court nor the District Attorney was notified prior to September 15, 1992. We decline to look behind the initial notification of representation to find a lesser, hidden period when defendant was without counsel, particularly here where there was no appearance on August 25, 1992, the adjourned return date *(see, People v Brown,* 195 AD2d 310, *lv denied* 82 NY2d 891; *see also, People v Hudson,* 162 AD2d 617; *People v Stefano,* 159 AD2d 1016; *People v*

*Boyd,* 116 AD2d 978, *affd,* 68 NY2d 613). Accordingly, the 43 days must be excluded.*

Applying these standards to the 217-day period between August 3, 1992 (when the felony information was presumably filed) and March 8, 1993 (when defendant was arraigned and the statement of readiness became effective), only 174 days are chargeable to the prosecution. Since the People had 184 days to be ready for trial, the motion to dismiss the indictment should have been denied.

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is reversed, on the law, motion denied and indictment reinstated.

---

* Subsumed within the 43 days are two periods, eight and 14 days, respectively, routinely excluded when a defendant is without counsel without fault of the court, i.e., the period from the initial filing to the initial return date (here August 3, 1992 to August 11, 1992) *(see, People v Middlemiss,* 198 AD2d 755, *supra)* and the period of adjournment to permit the retention of private counsel *(see, People v Boyd,* 116 AD2d 978, *supra).*