■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CASPER LASSITER, Respondent. [658 NYS2d 317] —Order of the Supreme Court, New York County (Laura Drager, J.), entered on or about April 29, 1996, which dismissed the indictment charging defendant with criminal sale of a controlled substance in the third degree on speedy trial grounds, unanimously reversed, on the law, the indictment reinstated, and the matter remanded to Supreme Court for further proceedings.

Defendant was arrested for the sale of three vials of crack cocaine to an undercover police officer. A felony complaint was filed charging defendant with criminal sale of a controlled substance in the third degree (a class "B" felony) on March 31, 1995. Pursuant to CPL 30.30, the People were required to be ready to proceed to trial within six months (183 days), less any excludable time periods. It appears from the motion decision issued by Supreme Court that the People announced their readiness for trial on March 12, 1996, on which date defendant filed his motion to dismiss on speedy trial grounds. Supreme Court found that a total of 187 days is chargeable to the People and dismissed the indictment.

On appeal, the People dispute three time periods: October 30, 1995 to November 16, 1995, December 12, 1995 to January 5, 1996, and January 5, 1996 to February 8, 1996. On the dates these adjournments were granted, defense counsel was not present in court. On the other hand, the prosecution had not yet declared its readiness for trial. The People contend that, despite their failure to have announced their readiness to proceed, Supreme Court erred in relying on *People v Liotta*

(176 AD2d 110, *affd* 79 NY2d 841) to conclude that, in the absence of either a request for or consent to the respective adjournments by the defense, these time periods should be charged to the prosecution. Rather, they argue, the time is chargeable to the defense in accordance with our decision in *People v Brown* (195 AD2d 310, *lv denied* 82 NY2d 891). In that case, we held that, despite their failure to answer ready, the People were not chargeable with an adjournment for the period during which "the defendant is without counsel through no fault of the court, except where the defendant is proceeding as his own attorney with the permission of the court [because] the delay was caused predominantly by defense counsel's absence" (*People v Brown, supra*, at 311, citing CPL 30.30 [4] [f]).

In *People v Cambridge* (230 AD2d 649), we recently held that an adjournment requested as the result of defense counsel's actual engagement on another matter comes within the statutory exclusion contained in CPL 30.30 (4) (b), "which applies when the People are otherwise unable to proceed to trial" and which renders their unreadiness "irrelevant" (*supra*, at 650, citing *People v Cortes*, 80 NY2d 201, 210). Similarly, *People v Brown* (*supra*) holds that the People's unreadiness is not pertinent when an adjournment is occasioned by the unavailability of defense counsel, a circumstance that is governed by the express provisions of CPL 30.30 (4) (f).

Based upon the record, including the transcript and the calendar call minutes, it is evident that defendant's attorney was not present on October 30, 1995, December 12, 1995 and January 5, 1996. Therefore, the adjournments granted on those three dates, comprising a total of 75 days, were improperly charged to the People. Deducting this period of time from the total of 187 days found by Supreme Court brings the time chargeable to the prosecution well within the statutory maximum of 183 days. Concur—Ellerin, J. P., Nardelli, Rubin and Williams, JJ.