■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DEAN A. AUBIN, Respondent. [666 NYS2d 778] —Mercure, J. Appeal from an order of the County Court of Essex County (Halloran, J.), entered September 17, 1996, which granted defendant's motion to dismiss the indictment.

On May 6, 1995, a felony complaint was filed charging defendant with sodomy in the third degree. Following the issuance of an arrest warrant, defendant was taken into custody and arraigned in a local criminal court on May 10, 1995. Defendant waived his right to a preliminary felony hearing and was released on bail on May 22, 1995. On May 20, 1996, a Grand Jury returned an indictment charging defendant with sodomy in the third degree, sexual misconduct and endangering the welfare of a child, all based upon defendant's alleged sexual contact with a 15-year-old victim on May 4, 1995. Defendant was arraigned in County Court on May 28, 1996, at which time the People stated their readiness for trial. On June 12, 1996, defendant moved to dismiss the indictment on constitutional and statutory speedy trial grounds (CPL 30.20, 30.30). Finding that the People were not ready for trial within the six-month period mandated by CPL 30.30 (1) (a), County Court granted defendant's motion and dismissed the indictment. The People appeal.

As a threshold matter, we reject defendant's contention that the appeal should be dismissed because of the People's failure to file a timely notice of appeal or to file their brief within the 60-day period prescribed in 22 NYCRR 800.14 (b). Notably, the 30-day period for taking an appeal does not begin to run until the prevailing party serves a copy of the order and notice of

entry thereof upon the other party (*see, People v Washington*, 86 NY2d 853; *People v Mullins*, 103 AD2d 994); here, the record fails to establish that defendant ever served the People with a copy of the order or with notice of entry. As such, the People's 30-day period to appeal County Court's order never began to run.

Turning now to the merits, we conclude that in computing the over-all time within which the People must be ready for trial, all "period[s] during which the defendant [was] without counsel through no fault of the court"[1] (CPL 30.30 [4] [f]) must be excluded, notwithstanding the fact that preindictment delay is normally charged to the People and regardless of whether the defendant's lack of representation actually impeded the People's progress in the case (*see, People v Drake*, 205 AD2d 996, 997; *see also, People v Correa*, 77 NY2d 930; *People v Woodward*, 219 AD2d 837, *lv denied* 87 NY2d 1027; *People v Brown*, 195 AD2d 310, *lv denied* 82 NY2d 891; *People v De-LaRosa*, 184 AD2d 302, *lv denied sub nom. People v Rosario*, 80 NY2d 933). The question is not one of reason but, rather, one of basic statutory construction. CPL 30.30 (4) identifies the various periods that must be excluded in computing the time within which the People must be ready for trial. In most cases (CPL 30.30 [4] [a], [b], [c] [i]; [d], [e], [g]), the statute restricts the excluded time to that which actually or reasonably resulted from the identified circumstance. By way of example, CPL 30.30 (4) (b) excludes "the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel".[2] In sharp contrast, CPL 30.30 (4) (f) contains no similar qualifying language but absolutely excludes "the period during which the defendant is without counsel through no fault of the court". Fundamentally, the inclusion of qualifying language in most of the paragraphs

---

1. Because there is no claim that defendant ever acted as his own attorney, we shall give no consideration to so much of CPL 30.30 (4) (f) as provides for periods when the defendant is proceeding as his own attorney with the permission of the court.

2. In fact, even in the case of statutory exclusions containing an express requirement that the circumstance asserted as justification for the exclusion actually caused the delay, the requirement of causation has been greatly diminished by decisions of the Court of Appeals (*see, People v Meierdiercks*, 68 NY2d 613, 614-615 ["the controlling consideration is not whether defendants' actions prevented the People from obtaining accusatory instruments sufficient for trial, but whether defendants waived the delay in the proceedings by requesting or consenting to the adjournments"]; *People v Leone*, 65 NY2d 674, *affg* 105 AD2d 757; *People v Bratton*, 65 NY2d 675, *affg* 103 AD2d 368; *see also*, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 30.30, at 170-171).

of CPL 30.30 (4) evinces unmistakable legislative intent that no such limitation was intended in the paragraphs containing no such qualification. We conclude, then, that neither fault on the part of defendant nor causation properly enter into a consideration of time to be excluded under CPL 30.30 (4) (f), and all periods during which defendant was unrepresented by counsel must be excluded.

The People contend, and defendant concedes, that defendant was without counsel for a total of 213 days. Because the total time accrued from the commencement of the criminal proceeding to the People's statement of readiness was only 388 days, exclusion of 213 days brings the time chargeable to the People to 175 days, within the six months allowed by statute. Under the circumstances, we need not consider the People's claim that a portion of the delay should be excluded for other reasons, including plea bargaining negotiations (CPL 30.30 [4] [b]), time accrued during pretrial motions (CPL 30.30 [4] [a]) and the absence of defendant (CPL 30.30 [4] [c]). In addition, we note that defendant makes no present claim of violation of CPL 30.20 and we perceive no meritorious basis for such a claim in any event. In view of the foregoing, we conclude that County Court erred in granting defendant's motion.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, motion denied, indictment reinstated and matter remitted to the County Court of Essex County for further proceedings not inconsistent with this Court's decision.