OPINION OF THE COURT
Robert M. Stolz, J.
This case presents a novel issue under CPL 30.30, to wit: in a misdemeanor prosecution, should time accrued prior to the conversion of the complaint to an information be chargeable to the People if defense counsel fails to appear during that time. *289 For the reasons set forth below, the court concludes that such time is excludable as a matter of law.
Defendant is charged with aggravated unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 511 [2] [a] [iv]) and criminal possession of stolen property (Penal Law § 165.40). He moves to dismiss the accusatory instrument on the ground that he has been denied his right to a speedy trial pursuant to CPL 30.30, which requires the People to be ready for trial within 90 days of the commencement of the action, absent excludable time.
This action commenced on October 10, 1997 with the filing of a misdemeanor complaint in criminal court. The case was adjourned to October 15, 1997 for the People to submit the Department of Motor Vehicles (D.M.V.) paperwork necessary to convert it into an information. On October 15, defense counsel was not present, and the People did not file the D.M.V. paperwork. The matter was then adjourned to November 1, 1997, December 9, 1997 and finally to January 9, 1998 for the People to file the requisite paperwork, which finally was filed on January 9. On that day defendant requested a schedule for this speedy trial motion. A motion schedule was set, and the case was adjourned to March 2, 1998 for the People to respond. On March 2, defendant failed to appear, and a warrant was ordered. The warrant was stayed until today for the court’s decision on defendant’s motion.
The court finds the period between October 10, 1997, the date of arraignment, and October 15, 1997, during which the People were to submit D.M.V. paperwork to convert the misdemeanor complaint to an information, chargeable to the People (five days). (See, People v Blow, 127 Misc 2d 1054 [Crim Ct, Bronx County 1985]; People v Harvin, 126 Misc 2d 775 [Crim Ct, Bronx County 1984].)
The period from October 15, 1997 to November 1, 1997 is excludable. On October 15, the People were not ready and defense counsel was absent. Although the complaint was not yet an information, the adjournment nonetheless will not be charged to the People.
As a general matter, courts have reasoned that, where there is no obstacle to the conversion of a complaint to an information, or (in the case of felony prosecutions) the filing of an indictment, the time should be charged. (See, e.g., People v Meierdiercks, 111 AD2d 769 [2d Dept 1985]; People v Klaus, 104 AD2d 566 [2d Dept 1984]; People v McCaffery, 78 AD2d 1003 [4th Dept 1980]; People v Limperatos, 147 Misc 2d 439 *290 [Nassau Dist Ct 1990]; People v Harvin, 126 Misc 2d 775 [Crim Ct, Bronx County 1984], supra; People v Arimont, 120 Misc 2d 976 [Crim Ct, Kings County 1983].) Indeed, prior to the amendment of CPL 30.30 (4) (c) (ii), courts have charged the time during which a defendant has failed to appear and the People have been unable to show due diligence in apprehending him, reasoning that the defendant’s absence posed no impediment to the People obtaining an indictment (or in the case of a misdemeanor, an information). (See, e.g., People v Colon, 59 NY2d 921 [1983]; People v Sturgis, 38 NY2d 625 [1976]; People v Ronzetti, 88 AD2d 982 [2d Dept 1982].) The Court of Appeals has recognized an exception to this general rule in cases where preconversion delay is occasioned by defendant’s request or express consent. (See, People v Worley, 66 NY2d 523 [1985].) In Worley, the Court of Appeals applied CPL 30.30 (4) (b), which expressly provides for the excludability of such consent adjournments.
Recently, however, the Appellate Division, First Department, has recognized that the absence of defense counsel affords another basis for excluding time. Specifically, the Court has applied CPL 30.30 (4) (f) to exclude periods following the nonappearance of defense counsel. That section provides that “the period during which the defendant is without counsel through no fault of the court” must be excluded. Thus, in People v Lassiter (240 AD2d 293 [1st Dept 1997]), the First Department held that, despite their failure to answer ready, the People would not be charged for those periods in which defense counsel was not present. Adopting the reasoning of People v Brown (195 AD2d 310 [1st Dept 1993]), that such delays are caused predominantly by defense counsel’s absence, the Court stated that “the People’s unreadiness is not pertinent when an adjournment is occasioned by the unavailability of defense counsel, a circumstance that is governed by the express provisions of CPL 30.30 (4) (f).” (People v Lassiter, supra, at 294, citing People v Brown, supra, at 311; see also, People v Drake, 205 AD2d 996 [3d Dept 1994].)
People v Lassiter (supra) and People v Brown (supra), however, were decided in the postindictment context, i.e., defense counsel’s failure to appear occurred after the filing of the indictment. Accordingly, they do not directly address the circumstances of this case, in which defense counsel failed to appear prior to the conversion of the complaint to an information. The Third Department, however, recently has extended the scope of CPL 30.30 (4) (f) to include the procedural circum-
*291 stances presented herein. In People v Aubin (245 AD2d 805 [3d Dept, Dec. 18, 1997]), defense counsel failed to make an appearance preindictment. The Court held (at 806) that “all ‘period[s] during which the defendant [was] without counsel through no fault of the court’ * * * must be excluded, notwithstanding the fact that preindictment delay is normally charged to the People”. The Court held that under CPL 30.30 (4) (f), such adjournments are excludable, as a matter of law, basing its ruling on an analysis of the statute: “CPL 30.30 (4) identifies the various periods that must be excluded in computing the time within which the People must be ready for trial. In most cases (CPL 30.30 [4] [a], [b], [c] [i]; [d], [e], [g]), the statute restricts the excluded time to that which actually or reasonably resulted from the identified circumstance * * * In sharp contrast, CPL 30.30 (4) (f) contains no similar qualifying language but absolutely excludes ‘the period during which the defendant is without counsel through no fault of the court’. Fundamentally, the inclusion of qualifying language in most of the paragraphs of CPL 30.30 (4) evinces unmistakable legislative intent that no such limitation was intended in the paragraphs containing no such qualification.” (People v Aubin, supra, at 806-807; see also, People v Stef ano, 159 AD2d 1016 [4th Dept 1990]; People v Boyd, 116 AD2d 978 [4th Dept 1986].)
Although Aubin (supra) dealt with a felony, its holding is equally applicable to this misdemeanor prosecution. It is well settled that a misdemeanor information is closely analogous, if not the functional equivalent of a felony indictment. (See, CPL 190.65 [1]; 100.15; People v Alejandro, 70 NY2d 133 [1987]; People v Harvin, supra; People v Nieke, 53 Misc 2d 872 [Crim Ct, Orange County 1967].) Therefore, applying Aubin to the facts of this case, the conclusion seems inescapable that, even in the absence of an information, the failure of defense counsel to appear will render the period of his absence excludable pursuant to CPL 30.30 (4) (i), and this court so holds.
The period between November 1, 1997 and January 9, 1998 during which the People were to submit D.M.V. paperwork is chargeable to the People (69 days). (See, People v Blow, supra; People v Harvin, supra.)
The adjournment from January 9, 1998 to March 2, 1998 is excludable. Such periods of motion practice are excludable. (CPL 30.30 [4] [a]; see also, People v Worley, 66 NY2d 523 [1985], supra; People v Kendzia, 64 NY2d 331 [1985]; People v Moorhead, 61 NY2d 851 [1984]; People v Shannon, 143 AD2d 572 [1st Dept 1988].)
*292 The period from March 2, 1998 to March 19, 1998, during which this case was adjourned pending decision of this motion, is excluded. (CPL 30.30 [4] [a]; see, People v Douglas, 209 AD2d 161 [1st Dept 1994].)
Based upon the foregoing findings of chargeable and excludable time, the court finds that there are 74 days chargeable to the People under CPL 30.30. The motion to dismiss therefore is denied.