■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVON WELLINGTON, Respondent. [680 NYS2d 83] —Order, Supreme Court, New York County (Budd Goodman, J.), entered on or about May 7, 1997, which dismissed an indictment charging defendant with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, pursuant to CPL 30.30, unanimously reversed, on the law, the indictment reinstated and the matter remanded for further proceedings.

We find that 74 of the 221 days that the motion court found chargeable to the People should have been excluded, thereby reducing the total of chargeable days to 147, well within the 183-day statutory period applicable here. The People should

have been charged with only 7 days instead of 16 during the period June 12 to July 3, 1996, since the record indicates that such would be the case. The 56-day period from July 23 to September 17, 1996, which consisted of adjournments ostensibly for a decision on defendant's supplemental discovery motion and consolidation of a co-defendant's cases in another court part, should not have been charged to the People, where the case could not proceed until the motion was decided (*People v McCray*, 238 AD2d 442, 443, *lv denied* 90 NY2d 895; *People v Douglas*, 209 AD2d 161, 162, *lv denied* 85 NY2d 908) and the People were not responsible for any portion of the delay (*People v Douglas, supra*). Finally, the 9-day September 17-26, 1996 adjournment was excludable, since, despite the uncertainty of the People's readiness for trial, defense counsel's failure to appear for a second call of the case was the primary cause for the delay (*see*, *People v Lassiter*, 240 AD2d 293; *People v Brown*, 195 AD2d 310, 311, *lv denied* 82 NY2d 891). Concur—Sullivan, J. P., Milonas, Rubin, Williams and Andrias, JJ.