=================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 128
The People &c.,
          Appellant,
        v.
Nnamdi Clarke,
          Respondent.




          Sharon Y. Brodt, for appellant.
          William G. Kastin, for respondent.












DiFIORE, Chief Judge:

          On this appeal, we are asked to review whether the

Appellate Division erred in holding that the People were

chargeable with the period of delay of 161 days for DNA testing

- 1 -

after having failed to exercise due diligence in seeking defendant's DNA exemplar in order to conduct comparative testing with the DNA obtained by the Office of Chief Medical Examiner (OCME) from the gun that was the subject of weapons offenses charged in the indictment.  We hold that the Appellate Division properly determined that the People did not exercise due diligence in obtaining defendant's DNA exemplar and, based on that prosecutorial inaction, the 161-day period at issue was not excludable from CPL 30.30 speedy trial computation as an exceptional circumstance.

This criminal action commenced when defendant was charged by felony complaint on November 29, 2007 in criminal court (see People v Osgood, 52 NY2d 37, 43 [1980]).  Defendant was arraigned on December 3, 2007 and, after a period of preindictment delay for which defendant waived his CPL 30.30 rights, he was indicted on August 18, 2008.  Defendant was charged with attempted murder in the first degree, criminal possession of a weapon in the second degree, and other related charges.

In May 2009, almost nine months after defendant's indictment, the People moved for an order to take an oral swab from defendant to obtain his DNA sample for comparison with the DNA results obtained from the swabs of the gun by OCME.[1]  There

_____

[1] The People moved for discovery under CPL 240.40 to compel the taking of defendant's DNA sample.  Generally, CPL 240.90

is no dispute that there was an OCME lab report, dated February 11, 2008, that plainly indicated that DNA was found on the swabs from the recovered gun. The report stated that "[f]urther analysis could be done upon submission of a blood or saliva sample from a suspect" and provided that such testing would "require approximately 60 days." Noting that his client had "been incarcerated for some time now," defense counsel declared his readiness for trial and argued that the ensuing delay for the DNA testing should be chargeable to the People. On June 5, 2009, defendant consented to the taking of an oral swab and on November 13, 2009, the People produced the DNA report.

Defendant moved to dismiss the indictment pursuant to CPL 30.30, arguing that "[t]he People waited one year and four months to begin a DNA analysis of an object[] three of their witnesses claimed he possessed," that the delay was "without justification," and that a period in excess of six months had elapsed, violating defendant's right to a speedy trial. The People opposed the motion citing various CPL 30.30 (4) exceptions, including CPL 30.30 (4) (g), asserting that the period of delay attributable to the DNA testing was an exceptional circumstance under the statute. On June 9, 2010, the court denied defendant's CPL 30.30 motion without a hearing, finding a relevant portion of the period at issue excludable

provides 45 days after arraignment on the indictment for such a discovery motion by a prosecutor except for "good cause shown" (CPL 240.90 [1]).

under CPL 30.30 (4) (g).  Defendant was convicted, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts), reckless endangerment in the first degree, and unlawful possession of marijuana.

On appeal, the Appellate Division held that the 161-day period of delay between when defendant consented to the DNA swab (June 5, 2009), and when the People produced a report of the DNA results (November 13, 2009), was chargeable to the People for failing to exercise due diligence in obtaining defendant's DNA sample (122 AD3d 765, 766 [2d Dept 2014], citing CPL 30.30 [4] [g]).  The Appellate Division, upon adding the 161-day period "to the periods of delay correctly conceded by the People," held that "the People exceeded the six-month period in which they were required to be ready for trial" (id.).  The Appellate Division reversed the judgment, on the law, granted defendant's CPL 30.30 motion, and dismissed the indictment.  We now affirm.

CPL 30.30, the "so-called 'speedy trial' statute," is a longstanding fixture in our State's prosecution of criminal actions and was specifically intended "to address delays occasioned by prosecutorial inaction" (People v McKenna, 76 NY2d 59, 63 [1990]).  In 1972, when the legislature enacted CPL 30.30, it was accompanied by a memorandum of the State Executive Department, Crime Control Counsel which declared "the purpose of the bill [is to] 'promote prompt trials for defendants in criminal cases,'" noting "that '[t]he public, defendants and the

victims of crimes all have a strong interest in the prompt trial of criminal cases'" (People v Anderson, 66 NY2d 529, 535 n 1 [1985], quoting 1972 McKinney's Session Laws of NY, at 3259).

"Pursuant to CPL 30.30 (1)(a), the People must be ready for trial within six months of the commencement of a criminal action accusing a defendant of a felony offense" (People v Carter, 91 NY2d 795, 798 [1998]). "CPL 30.30 (4) lists the periods which are to be excluded from the computation of time within which the People are required to be ready" (McKenna, 76 NY2d at 62). CPL 30.30 (4) (g), the statutory provision at issue here, allows the exclusion of "periods of delay occasioned by exceptional circumstances" in obtaining unavailable evidence "material to the people's case, when the district attorney has exercised due diligence to obtain such evidence" (CPL 30.30 [4] [g]).

The time to conduct DNA testing and to produce a DNA report may, under certain circumstances, be excluded from speedy trial computation as an exceptional circumstance. To invoke the exclusion provided in CPL 30.30 (4) (g), however, the People must exercise due diligence in obtaining the evidence. If the exclusion "is to be given reasonable effect and [] is to fulfill the legislative purpose, [it] must be limited to instances in which the prosecution's inability to proceed is justified by the purposes of the investigation and credible, vigorous activity in pursuing it" (People v Washington, 43 NY2d 772, 774 [1977]). In

addition, while we have recognized that "'[t]here is no precise definition of what constitutes an exceptional circumstance under CPL 30.30 (4) (g),'" we have stated "that the range of the term's application is limited by the dominant legislative intent informing CPL 30.30, namely, to discourage prosecutorial inaction" (People v Price, 14 NY3d 61, 64 [2010], quoting People v Smietana, 98 NY2d 336, 341 [2002]).

Here, as a result of the People's inaction in obtaining defendant's DNA exemplar, the 161-day period of delay to test the DNA and to produce the DNA report was not excludable from speedy trial computation as an exceptional circumstance.

The People argue that it was OCME's obligation to affirmatively inform them that there was DNA evidence from the gun swabs available for comparison and that OCME did not, until May 2009, provide the People with the February 2008 report indicating that DNA had been recovered. The People also argue as justification for their inaction that they were not aware of OCME's LCN DNA testing on the gun swabs as it was a new advance in scientific technology. Therefore, the argument goes, they had no affirmative obligation -- despite their discovery obligations under CPL article 240 (see generally People v DaGata, 86 NY2d 40 [1995]) and their repeated declarations of readiness for trial on the record -- to diligently ascertain the existence of all the laboratory reports of scientific tests performed at the request of law enforcement on the gun swabs from OCME. These proffered

explanations do not justify the prosecutorial inaction in this case.  It is the People alone who have the burden of proof of showing that they exercised due diligence sufficient to exclude the delay (see People v Berkowitz, 50 NY2d 333, 349 [1980]), and that burden was not sustained here.

There is no reasonable excuse for the People's delay in seeking a court order for defendant's DNA exemplar.  The weapon was promptly submitted to OCME by law enforcement for examination and the People waited until May 2009, almost nine months after the indictment, to ask OCME what results, if any, were obtained from the scientific testing performed on the gun swabs.  CPL 30.30 is a People-ready rule, and the Appellate Division correctly held that the prosecutorial inaction in this case contravenes CPL 30.30.

Accordingly, the order of the Appellate Division should be affirmed.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed.  Opinion by Chief Judge DiFiore.  Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided October 25, 2016