People v Hamilton (2018 NY Slip Op 02004)





People v Hamilton


2018 NY Slip Op 02004


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Tom, J.P., Webber, Oing, Moulton, JJ.


6061 3408/14

[*1]The People of the State of New York, Respondent,
v
Charles Hamilton, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Rachel T. Goldberg of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael R. Sonberg, J. at suppression hearing; Robert M. Stolz, J. at speedy trial motion and calendar call; Daniel P. Conviser, J. at jury trial and sentencing), rendered August 11, 2015, as amended, September 30, 2015, convicting defendant of burglary in the first degree (two counts), robbery in the first degree, robbery in the second degree (two counts) and assault in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Although defendant remained masked during the crime, there was a chain of compelling circumstantial evidence establishing his identity.
Defendant's claim that the court should have reopened the suppression hearing to allow impeachment of an officer by way of the underlying facts of lawsuits against him is unpreserved and expressly waived, and the record does not establish that the court "expressly decided" this issue "in re[s]ponse to a protest by a party" (CPL 470.05[2]; see People v Turriago, 90 NY2d 77, 83-84 [1997]; People v Colon, 46 AD3d 260, 263-264 [1st Dept 2007]). Although, when the issue of the lawsuits was first raised, the hearing court may have misunderstood the relief being sought, defendant expressly clarified that what he actually wanted was an opportunity to investigate the officer's police disciplinary history, and defendant reiterated this clarification at a calendar appearance before another justice. We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we reject it on the merits as defendant failed to make a showing that cross-examination of the officer regarding the lawsuits would be relevant (see People v Smith, 27 NY3d 652, 662 [2016]). Thus, reopening the hearing would not have been warranted, even if such relief had been requested. We also note that defendant never attempted to make any use of the lawsuits at trial.
The court properly denied defendant's speedy trial motion. Initially, we note that defendant received a suitable hearing on his motion. The 91-day period from November 5, 2014 to February 7, 2015 was excludable as a reasonable delay while the People were awaiting the results of DNA analysis being conducted by the Office of the Chief Medical Examiner. The People made a sufficient showing under People v Clarke (28 NY3d 48 [2016]) of their exercise of due diligence to obtain those results. Among other things, the record shows that the People promptly submitted the evidence for testing and kept the court informed of their efforts to follow [*2]up on their request. In light of this determination, defendant's remaining speedy trial claims are academic because the other periods of delay would not require dismissal of the indictment. In any event, we find the remaining claims unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK