People v Huger (2018 NY Slip Op 08955)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Huger

2018 NY Slip Op 08955

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-07278
(Ind. No. 2177/10)

[*1]The People of the State of New York, respondent,
vKevin Huger, appellant.

Paul Skip Laisure, New York, NY (Mark W. Vorkink of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Seth M. Lieberman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from so much of an order the Supreme Court, Kings County (Michael A. Gary, J.), dated July 3, 2017, as, upon reargument, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered September 28, 2012, convicting him of kidnapping in the second degree and menacing in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed insofar as appealed from.
The defendant moved pursuant to CPL 440.10 to vacate his judgment of conviction, which was previously affirmed by this Court (see People v Huger, 136 AD3d 943), on the ground that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30(1)(a). CPL 30.30 requires dismissal of a felony indictment where the People are not ready for trial within six months of the commencement of the criminal action. "Whether the People have satisfied this obligation is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (People v Cortes, 80 NY2d 201, 208; see People v Carter, 91 NY2d 795, 799; People v McCarthy, 146 AD3d 983, 983). The defendant has the burden of demonstrating that any postreadiness delays should be charged to the People (see People v Cortes, 80 NY2d at 215; People v Beasley, 69 AD3d 741, 743, affd 16 NY3d 289; People v Brewer, 63 AD3d 402, 403).
Here, the six-month period commenced on March 13, 2010, when the felony complaint was filed. The People had 184 days from that date, absent excludable delay, to be ready for trial (see CPL 30.30[1][a], 1.20[17]; People v Murray, 154 AD3d 881). The People declared that they were ready for trial on May 13, 2010, stopping the speedy trial clock on that date with 61 out of 184 days chargeable. Thereafter, by motion dated March 8, 2011, the People moved pursuant to CPL 240.40(2)(b)(v) to compel the defendant to submit to a buccal swab so that his DNA could be compared to a DNA mixture that had been recovered from a firearm alleged to have been used by the defendant during his commission of the offenses charged. The People's motion was granted, and a buccal swab was taken on April 20, 2011. Also on April 20, 2011, the matter was adjourned in [*2]court to May 25, 2011, for "swab results." The DNA results remained pending at the time of the May 25, 2011, court appearance and the matter was adjourned to June 29, 2011. On June 29, 2011, the DNA results still remained pending, and the matter was adjourned to July 20, 2011. On July 20, 2011, the DNA results still remained pending, and the matter was adjourned to August 26, 2011. The transcript of the proceedings on July 20, 2011, further indicate that counsel for the defendant did not appear for that scheduled court date. On August 26, 2011, the People announced on the record that the DNA results were complete.
CPL 30.30(4)(g) allows the exclusion of "periods of delay occasioned by exceptional circumstances, including . . . the period of delay resulting from a continuance granted at the request of [the People] if . . . the continuance is granted because of the unavailability of evidence material to the people's case, when the [People] ha[ve] exercised due diligence to obtain such evidence" (see People v Clarke, 28 NY3d 48, 52-53). Here, the People concede that they failed to exercise due diligence in obtaining a buccal swab from the defendant. Consequently, the 128-day period of delay between April 20, 2011, and August 26, 2011, to test the defendant's DNA and produce a report, was not excludable from the speedy trial computation (see CPL 30.30[4][g]; People v Clarke, 28 NY3d at 53).
Nevertheless, the People established that the 37-day adjournment from July 20, 2011, to August 26, 2011, taken while the DNA results remained pending and the People were otherwise not ready to proceed, is excludable pursuant to CPL 30.30(4)(f). CPL 30.30(4)(f) expressly excludes from the period of time within which the People must be ready for trial any period of time "during which the defendant is without counsel through no fault of the court." The exclusion provided by CPL 30.30(4)(f) is applicable notwithstanding the People's own lack of readiness (see People v Cox, 161 AD3d 1100, 1101; People v Mannino, 306 AD2d 157, 158; People v Aubin, 245 AD2d 805, 806; People v Lassiter, 240 AD2d 293; People v Brown, 195 AD2d 310, 311). Contrary to the defendant's contention, the exclusion is not limited to prereadiness periods of delay. Exclusion of the 37 days brings the time chargeable to the People to 152 days, within the six months allowed by statute (see People v Cortes, 80 NY2d 201). Accordingly, we agree with the Supreme Court's denial, upon reargument, of the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground that he was denied his statutory right to a speedy trial.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court