People v Trondson (2025 NY Slip Op 51091(U))

[*1]

People v Trondson

2025 NY Slip Op 51091(U)

Decided on July 11, 2025

Justice Court Of The Town Of Orchard Park, Erie County

Pastrick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 11, 2025
Justice Court of the Town of Orchard Park, Erie County

The People of the State of New York,

against
Tyler B. Trondson, Defendant.

Docket No. 24030105

For the People:
Nathan Zobrest, Esq.
Erie County District Attorney's Office
25 Delaware Avenue
Buffalo, New York 14202
For defendant:
Andrew Tabashneck, Esq.
5820 Main Street, Suite 507
Williamsville, New York 14221

Michael J. Pastrick, J.

Defendant moves for an order granting leave to reargue his motion to dismiss and, upon reargument, granting that application. For the reasons that follow, the part of the motion seeking leave to reargue is granted. Upon reargument, however, the court adheres to its determination denying the prior application.
***
By decision and order rendered December 30, 2024, this court denied the motion to dismiss the accusatory instrument on statutory speedy trial grounds. Central to that decision was the court's conclusion that the 20 days from March 19 to April 16, 2024—that is, the period from arraignment to defendant's first appearance with counsel—constituted time excludable from the speedy trial calculation. The determination to exclude that time was based upon the court's view that "defendant [was] without counsel [during that interval] through no fault of the court" (CPL 30.30 [4] [f]; see People v Stefano, 159 AD2d 1016, 1016 [4th Dept 1990]).
Now, on this application—which the court views as a motion to reargue (see CPLR 2221 [d] [3])—defendant brings to the court's attention People v Boyd (116 AD2d 978 [4th Dept 1986]), wherein the Appellate Division concluded that the motion court "properly excluded from the statutory . . . period . . . the 32 days that . . . case was initially adjourned in Lackawanna City [*2]Court to allow [the] defendants [at issue in that matter] to secure the services of an attorney" (id. at 978, citing CPL 30.30 [4] [f]). That determination was reached in contemplation of CPL 30.30 (4) (f), which provides that, "[i]n computing the time within which the people must be ready for trial[,] . . . the period during which the defendant is without counsel through no fault of the court [must be excluded]." Here, according to defendant, because he became represented by counsel a few days after the arraignment—and before defense counsel's first appearance in the matter—time between the commencement of representation and defendant's first appearance with counsel cannot be charged to him pursuant to CPL 30.30 (4) (f).
***
Boyd (116 AD2d 978), however, undercuts that position. In that case, defendant Boyd was arraigned on or about October 28, 1981, and counsel appeared for him on or about November 2, 1981. At that point, Boyd consented to the holding of a felony hearing on November 16, 1981. That proceeding was adjourned, again with Boyd's consent, to November 30, 1981, at which time the felony complaint was dismissed on motion of the prosecutor. 
As best this court can discern, the delay from November 16 to November 30, 1981 was on mutual consent of the parties and arose in anticipation of an agreement with respect to the method of prosecution. For that reason, that time was more obviously chargeable to Boyd. 
The period from November 2 to November 16, 1981 is more troublesome for defendant in this matter inasmuch that delay—from arraignment to the first scheduled preliminary hearing—related to an adjournment for the purpose of obtaining counsel. In concluding that such time was excludable under the speedy trial statute, the Appellate Division appears to have interpreted the phrase "without counsel" as contained in CPL 30.30 (4) (f) as covering the period between an adjournment to obtain counsel and the next scheduled court date, irrespective of whether defendant hires an attorney in the interim (see Boyd, 116 AD2d at 978).
***
In so concluding, this court acknowledges that a strict, literal interpretation of CPL 30.30 (4) (f) could support a different conclusion. This court, however, is bound by Boyd. And, this body notes that, as a practical matter, the usual rules of statutory interpretation support the result in that case.
Where a court confronts a question of statutory interpretation, its "primary consideration is to ascertain and give effect to the intention of the legislature" (Samiento v World Yacht Inc., 10 NY3d 70, 77 [2008] [internal quotation marks omitted]; see Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 120 [2012]). This, however, is not to say "that the language of a statute must in all circumstances be literally or mechanically applied [where] such application would cause an anachronistic or absurd result contrary to the contextual purpose of the enactment" (Doctors Council v NY City Empls.' Retirement Sys., 71 NY2d 669, 674-675 [1988]).
Indeed, "[a]lthough statutes will ordinarily be accorded their plain meaning, it is well settled that courts should construe them to avoid objectionable, unreasonable or absurd consequences" (Long v State of New York, 7 NY3d 269, 273 [2006]). And, a statutory interpretation "contrary to the dictates of reason or [that] leads to unreasonable results is presumed to be against the legislative intent" (McKinney's Cons Laws of NY, Book 1, Statutes § 143, Comment at 288).
Here, in the Court's view, it would be unreasonable to
a. Arraign defendant, adjourn for assignment of counsel, and set a return appearance on [*3]the court's next available date; and then
b. Have defendant retain counsel, but have counsel not notice his appearance; before
c. The same counsel appears for defendant at the next scheduled hearing without alerting the People as to the date of retention for purpose of clarifying the speedy trial window articulated in CPL 30.30, and also does not
d. Request either a reallocation of or a clarification of time between the adjournment at arraignment and the first subsequent appearance; and
e. Then later claims that the time between counsel's retention and the first subsequent appearance, under such circumstances, should be chargeable to the People.
To credit that approach would be to promote gamesmanship on the part of defense counsel and, in local courts in this area, effectively shorten the time available to the People to prepare for and declare readiness for trial under CPL 30.30 (1). Accordingly, the court exercises its discretion to grant the part of the motion seeking to reargue but denies the balance of the application on the merits.
Hon. Michael J. Pastrick
Dated: July 11, 2025