■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER CANNADY, Appellant. [595 NYS2d 49] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered September 4, 1991, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

Defendant's conviction arises out of a "buy and bust" arrest for a drug transaction in which defendant acted as steerer.

The major objective of the defense strategy was to discredit police testimony on the theory that the nature of the "buy and bust" operation invites manipulation of evidence by police "team members". In this context, the prosecutor's elicitation from the undercover officer and the arresting officer of some background information describing their training and experience in "buy and bust" operations, as well as the general mechanics of the "buy and bust" operation, was appropriate (see, People v Maldonado, 50 AD2d 556). The extended background testimony regarding the operations of a "buy and bust" team, and prior "buy and bust" experiences of the officers, argued on appeal as somehow prejudicially connecting defendant to large-scale drug sales, was actually elicited by defense counsel on cross-examination of the officers, in an apparent effort to destroy the officers' credibility as "team members" manufacturing "team arrests" that would include innocent bystanders. We note that the undercover officer testified that, prior to defendant's arrest herein, the police had no specific information that defendant was selling drugs. Concur—Rosenberger, J. P., Ellerin, Ross, Asch and Kassal, JJ.