■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS HAIRSTON, Appellant. [662 NYS2d 307] —Judgment, Supreme Court, New York County (Bruce Allen and Harold Beeler, JJ., on speedy trial motions; Thomas Galligan, J., at jury trial and sentence), rendered April 18, 1994, convicting defendant of burglary in the second degree and possession of burglar's tools, and sentencing him, as a persistent violent felony offender, to concurrent prison terms of 8 years to life and 1 year, respectively, unanimously affirmed.

Contrary to defendant's contention, his right to a speedy trial was not violated. Three of the four postreadiness periods that he claims should be charged to the People were properly excluded. The period from March 8 to 9, 1993 was excludable because the prosecutor's unavailability resulted from defendant's substitution of counsel, and the period from November 1 to 16, 1993 was likewise excludable because that period merely constituted an extension of an adjournment requested by defense at a time when the People continued to be ready and when neither defense counsel nor defendant was present (see, People v Anderson, 66 NY2d 529, 536). The period from January 20 to 27, 1994 was excludable because it was part of a reasonable two-week adjournment after the court's denial of defendant's first speedy trial motion (see, People v Ali, 195 AD2d 368, 369, lv denied 82 NY2d 804). The record fails to support defendant's contention that only a one-week adjournment was justified by the People and found excludable by the original motion court. While we find that the court improperly excluded the period from November 17 to 22, 1993 (see, People v Reid, 214 AD2d 396, 397; People v Bissereth, 194 AD2d 317, 318, lv denied 82 NY2d 804), the court improperly included the period from October 7 to 12, 1993 since the record indicates that defense counsel consented to that adjournment. Therefore, the total number of days chargeable to the People was 178, six days less than the number warranting dismissal of the indictment.

The record amply supports the trial court's rejection, as pretextual, of defendant's purportedly race-neutral explanation for a peremptory challenge (see, People v Guess, 208 AD2d 559, lv denied 84 NY2d 936). Concur—Rosenberger, J. P., Wallach, Rubin, Tom and Colabella, JJ.