■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONSTANTINE ELIOPOULOS, Appellant. [735 NYS2d 771] —Judgment, Supreme Court, New York County (Herbert Altman, J., on speedy trial motions; Daniel FitzGerald, J., at jury trial and sentence), rendered April 5, 2001, convicting defendant of permitting prostitution, and sentencing him to a term of probation of one year and 200 hours of community service, unanimously affirmed.

The court properly denied defendant's speedy trial motions because the People were chargeable with only 146 days. In this complex, multi-defendant case, the record supports the court's various findings of excludability, including its findings that certain adjournments were on consent (*see, People v Delacruz*, 241 AD2d 328, *lv denied* 90 NY2d 939), resulted from defense motions and the People's need for reasonable periods to respond (*see, People v Robinson*, 225 AD2d 399, 401, *lv denied* 88 NY2d 884), resulted from unsuccessful plea negotiations and the People's subsequent need for a reasonable time to prepare for trial (*see, People v Delvalle*, 265 AD2d 174, 175, *lv denied* 94 NY2d 879; *see also, People v Alvarado*, 281 AD2d 318, *lv denied* 96 NY2d 859), or constituted a reasonable time to prepare for trial after denial of defendant's first speedy trial motion (*see, People v Hairston*, 242 AD2d 466, *lv denied* 91 NY2d 892). Review of the periods subsequent to the court's denial of defendant's second speedy trial motion, cited in his oral application, is foreclosed (*see,* CPL 210.45 [1]; *People v Lawrence*, 64 NY2d 200, 204; *People v Heine*, 238 AD2d 212). We have considered and rejected defendant's remaining arguments. Concur—Nardelli, J.P., Mazzarelli, Saxe, Sullivan and Ellerin, JJ.