■ The People of the State of New York, Respondent, v Manuel Osorio, Appellant. [740 NYS2d 881] —Judgment, Supreme Court, New York County (Felice Shea, J., on speedy trial motion; Nicholas Figueroa, J., at jury trial and sentence), rendered April 16, 1997, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Defendant's speedy trial motion was properly denied. The following time periods are dispositive: The record establishes that the periods between May 16, 1996 and June 3, 1996 and June 3, 1996 and June 10, 1996 were properly excluded pursuant to CPL 30.30 (4) (f) because of defendant's assigned counsel's failure to appear for the calendar calls on May 16 and June 3, 1996 (see, People v Lassiter, 240 AD2d 293). The period between October 11, 1996 and October 29, 1996 was properly excluded as it resulted from "unsuccessful plea negotiations and the People's subsequent need for a reasonable time to prepare for trial" (People v Eliopoulos, 290 AD2d 301, 302), particularly since the case had been adjourned to October 11 for dispositional purposes only, and was not expected to proceed to trial on that date.

Defendant's challenges to the officers' testimony regarding street-level narcotics transactions and police investigational procedures are unpreserved for appellate review (see, People v Tevaha, 84 NY2d 879), and we decline to review them in the interest of justice. Were we to review these claims, we would find that defendant was not unfairly prejudiced by this testimony, which helped to provide the jury with an understanding of the officers' behavior and was relevant to contested issues. We also note that much of the testimony was elicited by defense counsel on cross-examination (see, People v Cannady, 191 AD2d 330, lv denied 81 NY2d 1012). Concur—Tom, J.P., Mazzarelli, Buckley, Lerner and Gonzalez, JJ.