■ The People of the State of New York, Respondent, v Vincente Reynoso, Appellant. [744 NYS2d 7] —Judgment,

Supreme Court, New York County (Felice Shea, J., at suppression hearing and first speedy trial motion; Bonnie Wittner, J., on second speedy trial motion; Renee White, J., at jury trial and sentence), rendered June 13, 2000, convicting defendant of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

The record fails to support defendant's claim that the court improperly denied him a *Darden* hearing (*People v Darden*, 34 NY2d 177), since the record does not show, or support the conclusion, that any such request was ever made. "It is the appellant's burden to present a clear factual record for review." (*People v Hentley*, 155 AD2d 392, 393, *lv denied* 75 NY2d 919, citing *People v Olivo*, 52 NY2d 309, 320; *see also, People v Rashid*, 164 AD2d 951, *lv denied* 76 NY2d 943.) Defendant never challenged the existence of the confidential informant or the accuracy of the police testimony as to what the informant had told them. Defendant challenged only the informant's reliability, which does not implicate the purpose of *Darden* (*see, People v Edwards*, 95 NY2d 486, 494), and which was established through the suppression hearing testimony of the detective with whom the informant had conducted prior operations. It appears that the substitute prosecutor misspoke when he made a fleeting reference to a prior *Darden* application.

The court properly denied defendant's request to call the informant at trial, since defendant failed to establish a proper foundation for that application (*see, People v Goggins*, 34 NY2d 163, 172-173, *cert denied* 419 US 1012). A detective made a reliable and unequivocal identification of defendant as the person who secreted a large quantity of drugs in a hiding place in defendant's car, and the circumstances rendered it highly unlikely that someone other than defendant, but nevertheless meeting defendant's description, hid the drugs. There is no reason to believe that the informant would have cast any doubt on defendant's identity as the person seen secreting the drugs.

The court properly denied defendant's speedy trial motions. The ultimate ruling found 132 days chargeable to the People, and found it unnecessary to rule on 47 additional disputed days (it appears that there were actually 37 such days). The record supports the court's exclusions of various time periods. The delay of 19 days from June 10, 1999 to June 29, 1999 was a reasonable time to prepare for trial following unsuccessful plea negotiations (*see, People v Eliopoulos*, 290 AD2d 301; *People v Delvalle*, 265 AD2d 174, 175, *lv denied* 94 NY2d 879). The delay of 22 days from May 19, 1999 to June 10, 1999 was

excludable because defendant was without counsel (*see, People v Jenkins*, 286 AD2d 634, *lv denied* 97 NY2d 683; *People v Lassiter*, 240 AD2d 293; *People v Brown*, 195 AD2d 310, 311, *lv denied* 82 NY2d 891). The delay of seven days from November 16, 1999 to November 23, 1999 was properly excluded due to defense counsel's unavailability, and there is no evidence that the People's statement of readiness was not made in good faith or was "illusory" (*see, People v Robinson*, 171 AD2d 475, 477, *lv denied* 78 NY2d 973). As for the disputed periods not reached by the motion court, even if all the time were to be charged to the People, and even assuming the accuracy of the court's calculation that 47 rather than 37 days were in that category, the total amount of time charged to the People would still fall within the statutory limit. Moreover, were we to address these disputed days, we would exclude at least the 16 days from December 20, 1999 to January 5, 2000, as the People were ready but no courtrooms were available (*see, People v Stirrup*, 91 NY2d 434, 440). Concur—Andrias, J.P., Rosenberger, Wallach, Rubin and Gonzalez, JJ.