■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARIO MANNINO, Respondent. [761 NYS2d 189] —Order, Supreme Court, Bronx County (Patricia Williams, J.), entered on or about March 21, 2002, granting defendant's motion to dismiss the indictment pursuant to CPL 30.30, unanimously reversed, on the law and the facts, the motion denied, the indictment reinstated and the matter remitted to the Supreme Court for further proceedings.

CPL 30.30 requires dismissal of a felony indictment where the People are not ready for trial within six months of the commencement of the criminal action. Here, the six-month period commenced on July 20, 2000, when the felony complaint was filed, and the People had 184 days, absent excludable delay, to be ready for trial (CPL 30.30 [4]).

On this appeal, the People assert that two time periods, totaling 35 days, should not have been charged to them. We agree. On March 27, 2001, the parties appeared and defendant's attorney stated that he was not prepared for trial, but that the pretrial hearings could commence. The prosecutor said that the People were not ready and requested a one-day adjournment. The matter was adjourned to April 17, 2001.

On April 17, 2001, the matter was recalled. Defendant's attorney was not present and did not inform the court that he would be absent. The People objected to the court's determination to dismiss three counts in the indictment, and sought an

adjournment to re-present those counts to the grand jury. The matter was adjourned to May 15, 2001. The court held that the 28 days between April 17, 2001 and May 15, 2001 were includable. This was error.

CPL 30.30 (4) (f) specifically excludes any period of time where the defendant is without counsel through no fault of the court (*People v Lassiter*, 240 AD2d 293, 294 [1997]; *People v Osorio*, 294 AD2d 139 [2002], *lv denied* 98 NY2d 771 [2002]; *People v Douglas*, 264 AD2d 671 [1999], *lv denied* 94 NY2d 862 [1999]; *People v Brown*, 195 AD2d 310, 311 [1993], *lv denied* 82 NY2d 891 [1993]). Moreover, the People's lack of readiness is irrelevant to the determination that when defense counsel has failed to appear for a scheduled court appearance, the delay is nonetheless excludable (*see People v David*, 253 AD2d 642, 644 [1998], *lv denied* 92 NY2d 948 [1998]; *People v Cambridge*, 230 AD2d 649, 650 [1996]). Thus, regardless of whether the People intended to re-present certain counts to the grand jury, the 28 days between April 17, 2001 and May 15, 2001 should not have been charged to the People.

With respect to the second disputed period, on February 27, 2001, neither defendant nor his attorney were present in court, as defendant was on trial in Richmond County. The People requested a seven-day adjournment, but the court adjourned the case to March 27, 2001, stating that it hoped defendant's trial would be over by that date. The motion court charged the People with seven days, based upon their requested adjournment. This was also error.

CPL 30.30 (4) (a) excludes from considerations for speedy trial purposes, "a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to * * * trial of other charges." Because defendant was on trial on other charges, the seven days that were charged to the People between February 27, 2001 and March 27, 2001 should not have been considered (*see People v Jenkins*, 286 AD2d 634 [2001], *lv denied* 97 NY2d 683 [2001]).

Our decision reduces the amount of delay chargeable to the People to 167 days, which is within the six-month statutory period. Accordingly, we reverse the order appealed from and reinstate the indictment. Concur—Tom, J.P., Mazzarelli, Sullivan, Williams and Gonzalez, JJ.