■ The People of the State of New York, Respondent, v Melvin Johnson, Appellant. [793 NYS2d 32]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J., on speedy trial motion; Rena K. Uviller, J., at jury trial and sentence), rendered June 19, 2002, convicting defendant of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of five years, unanimously affirmed.

The court properly denied defendant's speedy trial motion. Since each of the adjournments at issue on appeal occurred after the People declared their readiness, the periods of delay would be chargeable to the People only if solely attributable to them (*see People v Cortes,* 80 NY2d 201, 210 [1992]; *People v Anderson,* 66 NY2d 529, 536 [1985]; *People v Jackson,* 267 AD2d 183, 184 [1999], *lv denied* 94 NY2d 949 [2000]). "The record sufficiently establishes that the [first] adjournment was a delay occasioned by the exceptional circumstances of the World Trade Center attacks and the resulting unavailability of police witnesses" (*People v Fuller,* 8 AD3d 204 [2004], *lv denied* 3 NY3d 706 [2004]) and that the second period at issue was necessitated by defense counsel's vacation (*see People v Brown,* 207 AD2d 556, 557 [1994]). Although in each of these instances the assigned prosecutor was engaged in another matter, in neither case was the delay solely attributable to the People. Our determination that the first two periods were excludable renders the excludability of the third period academic.

The trial court properly exercised its discretion in imposing a reasonable limitation on defendant's cross-examination of a

prosecution witness, and this limitation did not deprive defendant of a fair trial or of his right to confront this witness (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). Concur—Buckley, P.J., Tom, Marlow, Gonzalez and Catterson, JJ.