**Vance GORMAN, Petitioner–Appellant,**

v.

**Glenn S. GOORD, Respondent–Appellee.**

**No. 04–0142–PR.**

United States Court of Appeals,
Second Circuit.

Nov. 16, 2005.

Vivian Shevitz, South Salem, New York, for Petitioner–Appellant.

Joyce Slevin, Assistant District Attorney, Kings County (Charles J. Hynes, District Attorney, Kings County, Leonard Joblove, Seth M. Lieberman, Assistant District Attorneys, on the brief), Brooklyn, New York, for Respondent–Appellee.

Present: WALKER, Chief Judge, FEINBERG, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Petitioner-appellant appeals the denial of his pro se habeas corpus petition on speedy trial and ineffective assistance of counsel grounds. The trial court (Weinstein, J.) rejected petitioner's claims and denied a certificate of appealability. This court, construing his appeal as a motion for a certificate, granted the motion as to petitioner's ineffective assistance claim only.

Petitioner and co-defendant Anthony Dunn were arrested in 1988 for the sexual assault and robbery of a 17–year–old pregnant girl. Both men were indicted for robbery and sexual assault, and Dunn made a motion pursuant to New York C.P.L. § 30.30 to dismiss the indictment for failure to bring the case to trial within the prescribed period. Petitioner's counsel made his own § 30.30 motion soon after. Both men failed to appear for a period of time. After Dunn's re-arrest in 1993, the state court granted his § 30.30 motion, charging against the state only time accruing before Dunn's absence. In 1996, petitioner was also re-arrested and renewed his § 30.30 motion, which was denied. Petitioner pled guilty to the charges; his previous counsel was removed, and new counsel moved the trial court to dismiss the conviction on ineffective assistance grounds. That motion was denied, and the Appellate Division affirmed, holding that § 30.30 was not violated and that petitioner did not receive ineffective assistance. *People v. Gorman*, 291 A.D.2d 457, 737 N.Y.S.2d 546 (2002). Peti-

tioner was denied leave to appeal to the New York Court of Appeals. *People v. Gorman*, 98 N.Y.2d 651, 745 N.Y.S.2d 509, 772 N.E.2d 612 (2002). Petitioner then filed this habeas petition, which was denied. This court granted a certificate of appealability limited to the ineffective assistance of counsel issue.

To demonstrate ineffective assistance of counsel, petitioner must show both that his counsel's behavior fell below an objective standard of reasonableness within the profession and that prejudice resulted. Prejudice requires a showing that but for the ineffective assistance there is a reasonable probability the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Neresian*, 824 F.2d 1294, 1320–21 (2d Cir. 1987). A court may address the two *Strickland* elements in either order. Because the claim was adjudicated by a state court on the merits, AEDPA applies, and the state court's determination will not be disturbed unless it was contrary to or involved an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 405–06, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Petitioner has essentially two separate claims of ineffective assistance based on *Strickland:* a claim based on the time passing before his non-appearance and a claim based on the time after he absconded and was returned to trial in 1996.

■ As to the latter claim, the state court held that his time as a fugitive could not be charged against the state since it performed a diligent search for him. Petitioner makes no showing that this was incorrect as a matter of state law. Therefore, any ineffectiveness of counsel could not have prejudiced petitioner. Moreover, because petitioner's counsel made all relevant arguments as to petitioner's fugitive status to establish that the state did not meet its duty under § 30.30, counsel's conduct did not fall below an objective standard of unreasonableness.

■ Petitioner also claims that the rejection of his former claim was in error. However, the state contends, and petitioner does not dispute, that much of the period of time charged to the state in the case of petitioner's co-defendant is not properly charged to petitioner because petitioner's counsel was absent on and between the court appearances relating to Dunn's 1989 speedy trial motion. *See People v. Mannino*, 306 A.D.2d 157, 761 N.Y.S.2d 189, 190–91 (2003). In that case, petitioner would not able to show prejudice under *Strickland.* In any event, petitioner still cannot meet the first element of the *Strickland* test. Petitioner cites nothing counsel should have done that he did not. Again applying AEDPA deference, petitioner has failed to show that the state court's adjudication of this claim was objectively unreasonable.

■ Finally, petitioner claims that counsel was ineffective in failing to request a hearing. This claim is also meritless. Even in the absence of a request, New York law requires a court to determine whether a hearing is warranted after both parties have filed their papers on a motion to dismiss an indictment. *See* N.Y.Crim. Proc. Law § 210.45 (McKinney 2005); *People v. Santos*, 68 N.Y.2d 859, 861, 508 N.Y.S.2d 411, 501 N.E.2d 19 (1986).

We have carefully considered petitioner's remaining arguments and find them without merit.

For the reasons set forth above, the decision of the District Court of the East-

ern District of New York is hereby **AFFIRMED.**