The People of the State of New York, Respondent, v Tyran Bahadur, Appellant. [841 NYS2d 5]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered April 3, 2003, convicting defendant, after a jury trial, of sodomy in the third degree, endangering the welfare of a child, and sexual abuse in the third degree, and sentencing him to an aggregate term of 1 to 3 years, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's credibility determinations (see People v Bleakley, 69 NY2d 490, 495 [1987]). The evidence established beyond a reasonable doubt that the victim was less than 17 years old at the time of defendant's conduct, which was an element of each of the crimes of which defendant was convicted. Although a person is normally competent to testify as to his or her own age (see People v Bessette, 169 AD2d 876, 877 [1991], lv denied 77 NY2d 992 [1991]), the victim's relatives, who provided an incorrect date of birth for her at the time of her immigration into the United States, misled her as to her birthday, and there was no valid documentation of her true age. However, her grandmother ultimately told her that a different date was her correct birthday. Furthermore, a forensic dentist, whose estimate of the victim's age corresponded with the corrected birthday, testified that it was a "dental certainty," based on the development of the victim's wisdom teeth, that she was under 17 at the times in question. Defendant's assertion that the expert testimony was inconclusive is without merit.

The court properly denied defendant's speedy trial motion. Although no transcript exists for February 1, 2002 to explain the adjournment to February 13, the transcripts of February 13 and February 28, as well as the prosecutor's affirmation, fully support the conclusion that the adjournment was on consent to explore a possible plea agreement, especially since trial counsel did not expressly dispute that she consented (see e.g. People v Alcequier, 15 AD3d 162, 163 [2005], lv denied 4 NY3d 851 [2005]; People v Vaughn, 254 AD2d 236 [1998], lv denied 92

NY2d 1055 [1999]). Moreover, it is uncontested that defendant's counsel failed to appear on February 1, and CPL 30.30 (4) (f) excludes times when "the defendant is without counsel through no fault of the court," regardless of the People's readiness (*see People v Mannino*, 306 AD2d 157, 158 [2003], *lv denied* 100 NY2d 643 [2003]). The period from February 28 to March 20, 2002 was also excludable, as the People were entitled to a reasonable time to prepare for trial following failed plea negotiations (*see People v Reynoso*, 295 AD2d 156 [2002], *lv denied* 98 NY2d 701 [2002]). Contrary to defendant's arguments, the record demonstrates that plea negotiations did not cease until February 28.

Because these two periods are excludable, the People are within the speedy trial limitation period of 184 days. Beyond that, we also find the court correctly concluded that "some, if not all" of the time between June 24, 2002 and August 28, 2002 was excludable due to the exceptional circumstance (CPL 30.30 [4] [g]) that the People discovered the victim was not certain of her own age, fueled by their confusing interviews with the family regarding the victim's date of birth and the People's consequent need to arrange for an alternative method to prove her age. For the reasons indicated in our review of the sufficiency and weight of the evidence, it would have been difficult, perhaps impossible, for the People to rely solely on the victim's testimony as to her age; indeed, on this appeal, defendant asserts that this element was not proven, even with the dentist's testimony. Finally, we also conclude that the period of postreadiness delay from September 6, 2002 to September 9, 2002 was excludable because it was solely attributable to defendant (*see People v Johnson*, 17 AD3d 158 [2005], *lv denied* 5 NY3d 764 [2005]).

We have considered and rejected defendant's remaining claims. Concur—Marlow, J.P., Williams, Gonzalez, Catterson and McGuire, JJ.