People v Alize (2019 NY Slip Op 05676)





People v Alize


2019 NY Slip Op 05676


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-05510
 (Ind. No. 1109/16)

[*1]The People of the State of New York, respondent,
v
Dearon Alize, appellant.


Robert DiDio, Kew Gardens, NY, for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle M. O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered April 27, 2017, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's denial, without a hearing, of that branch of the defendant's omnibus motion which was to controvert a search warrant issued by the court. Contrary to the defendant's contention, he failed to make the necessary substantial preliminary showing that the warrant was based upon an affidavit containing false statements made knowingly or intentionally, or with reckless disregard for the truth (see People v Kelly, 151 AD3d 751, 752; People v Moshier, 110 AD3d 832, 833).
We agree with the Supreme Court's denial of the defendant's request for a Darden hearing (see People v Darden, 34 NY2d 177). The defendant never challenged the existence of the confidential informant or the accuracy of the police officer's statements as to what the informant had told him. The defendant challenged only the informant's reliability, which does not implicate the purpose of Darden (see People v Edwards, 95 NY2d 486, 494; People v Reynoso, 295 AD2d 156, 157).
The defendant's remaining contentions are without merit.
MASTRO, J.P., BALKIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court