People v Baines (2019 NY Slip Op 08794)





People v Baines


2019 NY Slip Op 08794


Decided on December 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 10, 2019

Friedman, J.P., Kapnick, Kern, Oing, JJ.


10518 5299/10

[*1] The People of the State of New York, Respondent,
v
Donnell Baines, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Donnell Baines, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Valerie Figueredo of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley and Ruth Pickholz, JJ. at colloquies on self-representation; Wiley, J. at speedy trial motion and suppression proceedings; Patricia M. Nuñez, J. at jury trial and sentencing), rendered April 1, 2013, as amended April 2, 2013, convicting defendant of rape in the first degree, criminal sexual act in the first degree, sex trafficking in the first degree (three counts), promoting prostitution in the second and third degrees, assault in the second degree (three counts), sexual abuse in the first degree, unlawful imprisonment in the second degree and coercion in the first degree, and sentencing him, as a predicate sex offender, to an aggregate term of 50 years, unanimously modified, on the law, to the extent of vacating the second-degree promoting prostitution conviction and dismissing that charge, and further modified, as a matter of discretion in the interest of justice, to the extent of directing that the sentence on the rape conviction run concurrently with all other sentences, and directing that the sentences on the convictions of unlawful imprisonment in the second degree and coercion in the first degree run consecutively to all other sentences, resulting in an aggregate term of 28½ to 32 years, and otherwise affirmed.
Defendant was not deprived of his right to counsel when the court allowed him to proceed pro se at pretrial proceedings. Initially, it appears that defendant did not represent himself at the time of the grand jury presentation. Defendant subsequently represented himself, with the aid of a legal advisor, through various stages of the case up through the suppression hearing, and then chose to be represented by counsel at trial. The record includes the combined effect of several waiver colloquies conducted by two justices, along with other indicia of defendant's ability to represent himself and awareness of the disadvantages of doing so, as well as the seriousness of the case. Viewed as a whole, this record establishes that defendant's request to waive his right to counsel was unequivocal, and that he made a knowing, intelligent and voluntary waiver (see People v Providence, 2 NY3d 579, 580-81 [2004]). Accordingly, we find no basis for reversal in this regard.
The court properly denied the speedy trial motion that is at issue on appeal. We agree with defendant that the court should not have excluded the entire 56-day period beginning on February 26, 2010, because, as the People conceded, after the suppression hearing had been granted 30 days would have sufficed as a reasonable time to prepare given the particular circumstances of the case. However, the court properly disregarded the People's erroneous concession (see e.g. People v Wells, 16 AD3d 174 [1st Dept 2005], lv denied 5 NY3d 796 [2005]) that the period from July 23 to September 8, 2010 was includable (which was not the type of factual concession governed by CPL 210.45[4][c]). The record establishes that this delay was attributable to the absence of defense counsel at a stage when defendant was not yet appearing pro se (see e.g. People v Bahadur, 41 AD3d 239, 240 [1st Dept 2007], lv denied 9 [*2]NY3d 920 [2007]). When the additional 26 days with regard to the first adjournment at issue are added to the 150 days that are undisputedly includable, the total falls short of the applicable 182-day limit.
The only preserved aspect of defendant's challenges to evidence of uncharged crimes relates to certain text messages. We find that the texts should not have been admitted, but that the error was harmless (see People v Crimmins, 36 NY2d 230 [1975]. The remaining challenges to uncharged crimes evidence are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see generally People v Dorm, 12 NY3d 16, 19 [2009]). To the extent any of this evidence should have been excluded, any error was likewise harmless. Defendant's ineffective assistance of counsel claim relating to these issues is unreviewable on direct appeal. In the alternative, to the extent the record permits review, we reject that claim (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
The court provided meaningful responses to two jury notes (see generally People v Almodovar, 62 NY2d 126, 131 [1984]; People v Malloy, 55 NY2d 296, 302 [1982], cert denied 459 US 847 [1982]). These responses sufficiently addressed the jury's requests, and the court did not remove any contested elements from the jury's consideration.
We dismiss the count of promoting prostitution in the second degree as multiplicitous because it spans the same time period as the sex trafficking counts and does not require proof of any other facts (see People v Alonzo, 16 NY3d 267, 269 [2011]).
We find the sentence excessive to the extent indicated.
We have considered and rejected the remaining arguments contained in defendant's main and pro se supplemental briefs.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 10, 2019
CLERK