People v Session (2023 NY Slip Op 02431)

People v Session

2023 NY Slip Op 02431

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, AND OGDEN, JJ.

338 KA 17-00561

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY D. SESSION, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Thomas R. Morse, A.J.), rendered January 27, 2017. The appeal was held by this Court by order entered June 10, 2022, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (206 AD3d 1678 [4th Dept 2022]). The proceedings were held and completed (Douglas A. Randall, J.). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]). We previously held the case, reserved decision, and remitted the matter to County Court to determine defendant's pro se motion to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30) by ruling on the outstanding issues whether the 83-day period from May 13, 2015, to August 4, 2015, should have been excluded because it resulted from an adjournment "requested or consented to by [defendant's] second counsel (CPL 30.30 [4] [b]) or was the result of an exceptional circumstance (CPL 30.30 [4] [g])" (People v Session, 206 AD3d 1678, 1682 [4th Dept 2022]). Upon remittal, the court conducted a hearing and thereafter denied the motion, determining, inter alia, that the subject period was not chargeable to the People because it was occasioned by an exceptional circumstance, namely, that a material witness was unavailable because he had left the United States to attend the funeral of a family member (see generally People v Zirpola, 57 NY2d 706, 708 [1982]). We affirm.
Because the adjournment in question constituted a postreadiness delay, the People had the burden "to ensure, in the first instance, that the record of the proceedings at which the adjournment was actually granted is sufficiently clear to enable the court considering the subsequent CPL 30.30 motion to make an informed decision as to whether the People should be charged," and defendant had the burden of showing that the delay "occurred under circumstances that should be charged to the People" (People v Cortes, 80 NY2d 201, 215 [1992]; see People v Anderson, 66 NY2d 529, 541 [1985]). At the hearing on the motion, defendant had "the burden of proving by a preponderance of the evidence every fact essential to support the motion" (CPL 210.45 [7]; see People v Allard, 28 NY3d 41, 45-46 [2016]).
The People met their burden of ensuring that the record sufficiently explains the basis for the adjournment in question inasmuch as the record establishes that the court granted the adjournment after the People informed the court that the witness had to leave the United States to attend the funeral of a family member. A postreadiness motion to dismiss on speedy trial grounds "may be denied where the people are not ready for trial if the people were ready for trial prior to the expiration of the specified period and their present unreadiness is due to some exceptional fact or circumstance, including, but not limited to, the sudden unavailability of evidence material to the people's case, when the district attorney has exercised due diligence to [*2]obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period" (CPL 30.30 [3] [b]). Defendant therefore had the burden to show that that statutory provision does not apply and therefore the adjournment period should be charged to the People. Defendant failed to meet that burden inasmuch as he presented no evidence to support his motion (see generally People v Harden, 6 AD3d 181, 182 [1st Dept 2004], lv denied 3 NY3d 641 [2004]). The court therefore properly determined that the period in question was not chargeable to the People. Inasmuch as we previously determined that whether the 83-day delay was chargeable to the People was dispositive of the propriety of the court's denial of defendant's motion (Session, 206 AD3d at 1682), we conclude that the court properly denied the motion after the hearing.
In light of our conclusions, defendant's remaining contention is academic.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court