People v Humphrey (2024 NY Slip Op 04748)

People v Humphrey

2024 NY Slip Op 04748

Decided on October 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 01, 2024

Before: Moulton, J.P., Mendez, Higgitt, O'Neill Levy, Michael, JJ. 

Ind. No. 4032/14 Appeal No. 2647 Case No. 2018-2140 

[*1]The People of the State of New York, Respondent,
v
Walter Humphrey, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Steven J. Miraglia of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Peter Rienzi of counsel), for respondent.

Judgment, Supreme Court, New York County (Maxwell Wiley, J., at speedy trial motions; Kevin McGrath, J., at plea and sentencing), rendered September 7, 2017, convicting defendant of attempted robbery in the second degree, and sentencing him to a term of two years, unanimously affirmed.
Defendant's statutory speedy trial claims are foreclosed by his guilty plea (see People v O'Brien, 56 NY2d 1009 [1982]; People v Lara-Medina, 195 AD3d 542, 542 [1st Dept 2021], lv denied 37 NY3d 993 [2021]). As an alternative holding, we find that defendant's speedy trial motions were properly denied.
Initially, defendant's arguments concerning the periods of delay from October 7 to October 28, 2015 and November 10 to December 7, 2015 are unpreserved (see People v Beasley, 16 NY3d 289, 292-293 [2011]), and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. The challenged periods from August 5 to September 16, 2015, November 10 to December 7, 2015, and January 7 to February 25, 2016 were excludable as reasonable time to prepare for hearings and trial after the court's rulings on motions (CPL 30.30[4][a]; People v Davis, 80 AD3d 494, 494-495 [1st Dept 2011]). The adjournment from October 7 to October 28, 2015 was excludable, regardless of the People's readiness, as codefendant's counsel was unable to appear as a result of being on trial in another matter (see CPL 30.30[4][d], [f]; People v Bahadur, 41 AD3d 239, 240 [1st Dept 2007], lv denied 9 NY3d 920 [2007]; People v David, 253 AD2d 642, 646 [1st Dept 1998], lv denied 92 NY2d 948 [1998]). The delay from April 18 to June 23, 2016 was properly excluded because, after the People sought to adjourn the matter from April 6 to April 18, defense counsel requested a further adjournment and actively participated in setting the June 23 adjourned date (CPL 30.30[4][b]; People v Barden, 27 NY3d 550, 555 [2016]).
We have determined on codefendant's appeal that the 30-day adjournment from February 25 to March 26, 2016 was chargeable to the People (People v Miller, 222 AD3d 599, 599-600 [1st Dept 2023], lv denied 41 NY3d 1003 [2024]). Those additional 30 days of chargeable time raises the total chargeable days to 161, which still falls short of the 184 days necessary to warrant dismissal (CPL 30.30[1][a]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2024