People v Barthelemy (2024 NY Slip Op 51429(U))

[*1]

People v Barthelemy

2024 NY Slip Op 51429(U)

Decided on October 15, 2024

Criminal Court Of The City Of New York, Queens County

Licitra, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 15, 2024
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Barthelemy, Defendant.

Docket No. CR-027937-23QN

For the People: Melinda Katz, District Attorney of Queens County (by Mary Michalos)
For Mr. Barthelemy: The Niles Law Firm (by Ian A. Niles)

Wanda L. Licitra, J.

Criminal Procedure Law § 30.30 places strict limits on the delay that the prosecution may cause in a criminal case. In this case, that limit is ninety days. (See C.P.L. § 30.30[1][b]). The defense has filed a motion arguing that the prosecution exhausted this limit. Upon review of the papers and the record, the motion is granted.
Whether the prosecution has exhausted their C.P.L. § 30.30 limit "is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion." (People v. Cortes, 80 NY2d 201, 208 [1992]). Here, the prosecution filed their first accusatory instrument on September 23, 2023, and they first declared ready for trial on December 19, 2023. Thus, at the outset, the prosecution is responsible for eighty-seven days of delay. The question then turns to the prosecution's postreadiness delay.
As the defense here "sufficiently alleges that the People were not ready within the statutory period, the People have the burden of showing their entitlement to a statutory exclusion." (People v. Labate, 2024 NY Slip Op. 01582, at *3 [Mar. 21, 2024] [internal quotation marks omitted]; id. at *5 ["In the postreadiness context, the People bear the burden of ensuring that the record explains the cause of adjournments sufficiently for the court to determine which party should be properly charged with any delay."] [internal quotation marks omitted]; id. at *6 ["[W]here, as here, the court grants adjournments after the People have announced the indictment ready for trial, the burden rests on the People to clarify . . . the basis of the adjournment so that on a subsequent CPL 30.30 motion the court can determine to whom the [*2]adjournment should be charged."] [internal quotation marks omitted]).[FN1]

"In a postreadiness context, . . . when the People request an adjournment to a specific date, the requested time is ordinarily charged to the People." (Labate, 2024 NY Slip Op. 01582, at *3). That rule includes when, on a hearing date, "the People are not ready for hearings." (People v. Taylor, 16 Misc 3d 339, 344 [Crim. Ct., NY County 2007] [Mandelbaum, J]). "For at that point the People, by their non-readiness, will have prevented the court from rendering its decision on the defendant's motion to suppress, thereby impeding the case from proceeding to trial." (Id.). Here, on June 17, 2024, the prosecution stated that they were not ready to proceed with the hearings scheduled for that day. (Tr. at 2-3, June 17, 2024). They requested an adjournment to June 24, 2024. (Id.). The prosecution said they were not ready because "their witnesses are on vacation." (Id.). Thus, "ordinarily," these seven days would be added to the prosecution's previous eighty-seven days of delay, exceeding their ninety-day limit.
Still, "[t]he unavailability of a prosecution witness may be a sufficient justification for delay" so long as: (1) "the People attempted with due diligence to make the witness available," (People v. Zirpola, 57 NY2d 706, 709 [1982]); and (2) "the reason for the witness's unavailability" justifies excluding the time, (People v. Harrison, 171 AD3d 1481, 1483 [4th Dep't 2019]). In determining the latter question, "courts generally have held that the delay" is justifiable where a witness is "unavailable because of medical reasons or military deployment." (Id.). Other justifiable reasons include "the funeral of a family member," (People v. Session, 216 AD3d 1438 [4th Dep't 2023]); "the World Trade Center attacks," (People v. Johnson, 17 AD3d 158 [1st Dep't 2005]); or an "undisputed illness," (People v. Lee, 217 AD2d 637 [2d Dep't 1995]). "Where the witness is unavailable because he or she has taken a vacation, however, many courts have charged the time to the People." (Harrison, 171 AD3d at 1483). "That is because 'the mere fact that a necessary witness plans to go on a vacation does not relieve [the prosecution] of their speedy trial obligation.'" (Id. [quoting People v. Ricart, 153 AD3d 421, 422 [1st Dep't 2017]]).
The prosecution here meets neither necessary condition to exclude their seven-day request from the C.P.L. § 30.30 calculation. They do not provide any information about any efforts "to make the witness available," nor do they provide any justifiable "reason for the witness's availability." Instead, the prosecution makes three other arguments, each of which fails.
First, the prosecution argues that "[o]n May 10th, . . . the court adjourned the case for hearings to a random date, without consideration of the People's witnesses' schedules," and so their failure to be ready on June 17, 2024, should be excused. (Pr. Resp. at 8). The prosecution's factual assertion is false. On May 10, 2024, the court discussed adjournment dates for the hearing and explicitly inquired as to whether they "work for the People's witnesses?" (Tr. at 3, May 10, 2024). It then proposed June 17, 2024, for the hearing, and the prosecution responded: [*3]"That works for the People, your Honor." (Id.). Therefore, the record plainly contradicts the prosecution's assertion that the court "adjourned the case for hearings to a random date, without consideration of the People's witnesses' schedules."
Second, the prosecution argues that upon learning the case had been adjourned to June 17, 2024, the assigned prosecutor "promptly informed the standing ADA" that this date would not work and contacted the defense attorney several times to reschedule. This is also no reason to excuse the prosecution's failure to be ready on June 17, 2024. It was the prosecution's choice to send a "standing ADA" rather than the "assigned ADA" to appear on this case on May 10, 2024. (See Pr. Resp. at 6-7). Any failure of communication between two of the prosecution's own representatives is their responsibility. Moreover, once all parties had agreed on a hearing date and the case was adjourned, the defense was under no obligation to consent to the prosecution's unilateral desire to accommodate its witnesses' vacation schedules. A witness's vacation is not inviolable. If the prosecution wanted to continue this matter within its allowed C.P.L. § 30.30 time—which, by this point, it had almost totally exhausted—it should have subpoenaed the witness.
Finally, the prosecution, in bolded and underlined text, argues that "'a request for a short adjournment after a showing of some diligence and good faith should not be denied merely because of possible inconvenience to the court or others.'" (Pr. Resp. at 6 [quoting People v. Foy, 32 NY2d 473 [1973]] [emphasis omitted]). The prosecution goes on to engage in an analysis about "whether [the court should] grant a request for an adjournment." (Id. at 6-7). The prosecution misses the point. At issue is not whether "the adjournment [should be] granted," but "whether an adjournment will be charged or excluded." (See Labate, 2024 NY Slip Op. 01582, at *6; see also Foy, 32 NY2d at 475 ["On this appeal the primary issue is whether the trial court abused its discretion in denying the appellant's request for an adjournment to secure the attendance of his alibi witnesses."]). On June 17, 2024, this court, in fact, granted the prosecution an adjournment. That should not be conflated with whether the granted adjournment is charged to the prosecution under C.P.L. § 30.30.
In total, the prosecution is responsible for ninety-four days of delay. They have exhausted their C.P.L. § 30.30 time, and the court must dismiss this case. (See C.P.L. § 30.30[1][b]).
The foregoing constitutes the order and decision of the court.
Dated: October 15, 2024
Queens, NY
Wanda L. Licitra, J.C.C.

Footnotes

Footnote 1: The prosecution may provide this record "contemporaneously in open court" at the calendar call or "in response to a defendant's motion under CPL 30.30." (People v. Labate, 2024 NY Slip Op. 01582, at *6 [Mar. 21, 2024]). As a result, even though the prosecution did not submit transcripts of the relevant calendar calls in their response to this motion, the court ordered and reviewed them. (See id.; see also People v. Suarez, 51 Misc 3d 620, 625 [Crim. Ct., NY County 2016] [Statsinger, J.] [generally noting that "a court may take judicial notice of its own records"]).